Sotheby's, Inc. v Chowaiki (2022 NY Slip Op 00955)





Sotheby's, Inc. v Chowaiki


2022 NY Slip Op 00955


Decided on February 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 10, 2022

Before: Gische, J.P., Kern, Moulton, Kennedy, Rodriguez, JJ. 


Index No. 657068/17 Appeal No. 15287 Case No. 2021-00694 

[*1]Sotheby's, Inc., Plaintiff-Respondent,
v
Ezra Chowaiki, Defendant, Luba Mosionzhnik, Defendant-Appellant.


Wallison & Wallison LLP, New York (Jeremy L. Wallison of counsel), for appellant.
Halperin Battaglia Benzija, LLP, New York (Neal W. Cohen of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered February 11, 2021, which, to the extent appealed from as limited by the briefs, denied defendant Luba Mosionzhnik's motion for leave to renew her prior motion to dismiss the complaint, unanimously affirmed, without costs.
Defendant Mosionzhnik is a former manager and 25 percent shareholder of an entity that was named Chowaiki Mosionzhnik Gallery (Gallery). Plaintiff Sotheby's and the Gallery entered into a contract in March 2008 concerning the sale of an artwork, which Mosionzhnik and defendant Chowaiki personally guaranteed "regardless of any amendment" to the contract. Subsequently, the Gallery terminated Mosionzhnik's employment and purchased her shares, and in December 2008 the Gallery was renamed Chowaiki & Co. Fine Art Ltd. (CCFA). The contract was amended twice, once in October 2008 and again in 2012. In 2017, after the Gallery filed for bankruptcy protection, Sotheby's commenced this action to collect on the personal guarantees.
The court did not abuse its discretion when it denied Mosionzhnik's motion for leave to renew based on new evidence. Evidence that the Gallery was renamed as CCFA and later "merged out" into another entity in 2015, under the same name and address, would not change the prior determination (see CPLR 2221[e][2]), because the documentary evidence submitted does not "conclusively establish[] a defense to the asserted claims as a matter of law" (Leon v Martinez , 84 NY2d 83, 88 [1994]). Mosionzhnik did not demonstrate, as a matter of law, that the change in name or merger so significantly altered the "nature of the guarantor's undertaking, in particular the degree of risk the guarantor is being obligated to assume," that her obligation was discharged (see Fehr Bros. v Scheinman , 121 AD2d 13, 17-19 [1st Dept 1986]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2022